Joe Angelo (Bar #268542)
jangelo@gajplaw.com
Gale, Angelo, Johnson, & Patrick, P.C.
1430 Blue Oaks Blvd., Ste. 250
Roseville, CA 95747
916-290-7778 ph
916-721-2767 fax

Attorney for Plaintiff
Jessica Toles

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| Jessica Toles<br><br>               Plaintiff,<br><br>   v.<br><br>FCA US, LLC<br><br>               Defendant. | CASE NO. 2:24-cv-<br><br>COMPLAINT FOR DAMAGES:<br><br>1. Violation of Fair Debt Collection Practices Act<br>2. Violation of the Rosenthal Fair Debt Collection Practices Act<br>3. Violation of California Consumer Credit Reporting Agencies Act |

COMES NOW Plaintiff Jessica Toles (hereinafter "Plaintiff"), an individual, based on information and belief, to allege as follows:

**<u>INTRODUCTION</u>**

1. This case arises under the Fair Debt Collection Practices Act 15 U.S.C. § 1692 *et. seq.*, the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et. seq.*, and the California Consumer Credit Reporting Agencies Act, California Civil Code §1785.25(a).

2. Plaintiff seeks redress for the unlawful and deceptive practices committed by the Defendant FCA LLC, US in connection with its improper inaccurate, misleading, credit reporting regarding Plaintiff's former vehicle loan.

3. In addition, Plaintiff seeks redress from FCA's unlawful and improper debt collection activities as it related to Plaintiff's account.

4. Here, FCA continued to report that Plaintiff was late on her lease payments despite Plaintiff not actually owing anything to FCA.

5.   FCA had actual knowledge that Plaintiff did not have an outstanding debt but continued to attempt to collect and report derogatory account information regarding Plaintiff's account.

6.   Instead of simply not reporting any derogatory or negative account information regarding Plaintiff's account, FCA intentionally reported that Plaintiff was past-due and late on her payments, despite knowing that it was not owed anything from Plaintiff.

7.   Such reporting is wholly inaccurate, misleading, and adversely impacts Plaintiff's credit worthiness.

8.   Plaintiff's credit score has been adversely impacted by the reporting; she has been unable to rebuild her credit score and obtain favorable interest rates as a result of the reporting.

9.   Third parties have been exposed to the inaccurate tradelines.

## JURISDICTION & VENUE

10.  Plaintiff re-alleges and incorporates herein by reference the allegations in each and every paragraph above, fully set forth herein.

11.  The Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, and 15 U.S.C. § 1692.

12.  The venue is proper pursuant to 28 U.S.C. §1391(b)(1).

## GENERAL ALLEGATIONS

13.  Plaintiff alleges that all actions alleged herein by Defendant FCA were done knowingly, intentionally, and in reckless disregard for accurate credit reporting in an attempt to purposefully undermine Plaintiff's attempt to improve her FICO Score.

14.  In the alternative Plaintiff alleges that each and every Defendant's actions was the result of reckless policies and procedures that inevitably led to inaccurate, misleading, or incomplete credit reporting.

15.  In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:
(a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts.  Unfair or deceptive collection practices undermine the publics confidence which is essential to the

continued functioning of the banking and credit system and sound extensions of credit to consumers.

(2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard for the rights of the other.

(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

16. The FDCPA was designed to prevent abusive and deceptive collection practices by debt collectors.  The purpose of the FDCPA was to eliminate abusive debt collection practices by debt collectors.  15 U.S.C. § 1692.

17. The FDCPA regulates the behavior of "debt collectors" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt. Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy."  15 U.S.C. § 1692(a).

18. The FDCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantages, and to promote uniform State action to protect consumers against debt collection abuses."  15. U.S.C. § 1692(e).

19. Plaintiff is an individual and "consumer" as defined by 15 U.S.C. § 1692a(3) and a "debtor" as defined by Cal. Civ. Code § 1788.2(g).

20. At all relevant times herein, FCA was a company engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and "debt" as defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(f).

21. At all relevant times, Defendant FCA acted as a "debt collector" as defined by 15 U.S.C. § 1692a(6) and Cal. Civ. Code § 1788.2(c).

22. Plaintiff believes that FCA was collecting on an assigned account that did not originate with FCA.

23. Defendant FCA has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" and as defined by 15 U.S.C. § 1692a(5) and Cal. Civ. Code § 1788.2(d).

24. The account subject to FCA's collection activity was originally a vehicle lease, which Plaintiff obtained for personal and household use.

25. At some point after Plaintiff entered into the lease agreement, FCA began collecting on the account.

26. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

### Plaintiff's Purchase

27. On or about September 5, 2023 Plaintiff entered into a California Motor Vehicle Lease Agreement (hereinafter "Lease") with Tracy Chrysler Dodge Jeep and Ram.

28. The vehicle subject to the lease with Tracy Chrysler Dodge Jeep and Ram was a 2023 Jeep Wrangler 4XE.

29. Shortly after entering into the Lease with Tracy Chrysler Dodge Jeep and Ram Plaintiff began experiencing significant issues with the Jeep Wrangler – such as it failing to hold any type of charge with its battery and other related issues with the vehicle hybrid-battery system.

30. Plaintiff informed Tracy Chrysler Dodge Jeep and Ram of the problems with the brand-new vehicle and expressed her concerns with such a new vehicle not working properly.

31. Ultimately Plaintiff's vehicle was not able to be fixed as it sat at the dealership for over four weeks.

32. Tracy Chrysler Dodge Jeep and Ram eventually agreed to repurchase the vehicle from Plaintiff in October of 2023.

33. At the time, FCA began servicing Plaintiff's Lease – presumably due to an erroneous belief that Plaintiff was in default of the terms of the Lease.

34. Tracy Chrysler Dodge Jeep and Ram paid FCA for the amount due under the Lease agreement pursuant to its agreement with Plaintiff in order to resolve the issues with the defective vehicle.

35. However, FCA began reporting to various credit reporting agencies that Plaintiff was past-due and late on her Lease payments.

36. FCA's derogatory and inaccurate reporting continued well after the Lease agreement was paid in full.

37. In addition to the delinquent credit reporting, FCA performed over twenty credit inquiries despite Plaintiff not consenting to an inquiry or otherwise giving permission for FCA to obtain her credit report.

38. Because Plaintiff returned the defective vehicle, there was no permissible purpose for FCA to continue to order Plaintiff's credit report or otherwise cause inquiries to appear on her credit report.

39.  As a result, FCA caused Plaintiff's credit score to drop and increased her risk as a future borrower due to the number of unauthorized inquiries that populated her credit report.

40. Plaintiff, understandably, needed to finance another vehicle after the return of the defective Jeep.

41. However, Plaintiff's credit score was materially impacted by FCA's credit reporting, which in turn caused her to be classified as a high-risk borrower.

42. Due to FCA's inaccurate credit reporting, Plaintiff was only able to qualify for vehicle loans in the 18-22% range – far higher than what she was quoted in mid-2023 for vehicle loans.

43. Plaintiff has been forced to borrow vehicles from her friends and family because she is unable to finance another purchase given the quoted interest rates.

### FIRST CAUSE OF ACTION
(Violation of the Fair Debt Collection Practices Act)
(15 U.S.C. §§ 1692)
(Against Defendant FCA)

44. Plaintiff realleges and incorporates herein by reference the allegations in each and every paragraph above as though fully set forth herein.

45. FCA violated section 1692(e) of the Fair Debt Collection Practices Act by continuing to attempt and collect on a debt that Plaintiff did not owe.

46. FCA had actual knowledge that Plaintiff did not owe anything on the Lease but it continued to attempt to collect on that debt anyway.

47. FCA made various false misrepresentations about the status of the account and the nature of the debt – primarily that Plaintiff was delinquent with her Lease payments and that she owed FCA over $40,000 dollars.

48. The false representations violate 15 U.S.C. § 1692(e) and allow Plaintiff to recover damages against FCA.

### SECOND CAUSE OF ACTION
(Violation of California Consumer Credit Reporting Agencies Act
California Civil Code § 1785.25(a) Against Defendant FCA)

**FCA – Reporting Inaccurate Information to Experian and Equifax**

49. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

50. In the regular course of its business operations, FCA routinely furnishes information to credit reporting agencies pertaining to transactions between itself and its consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

51. FCA continued to transmit inaccurate information to the Credit Reporting Agencies despite knowing that Plaintiff was not responsible for the debt and knowing that Plaintiff's account was paid in full.

52. Plaintiff alleges that Defendant FCA re-reported the information contained herein in violation of California Civil Code § 1785.25(a) on multiple occasions.

53. Plaintiff also alleges that FCA all had reason to know that the information reported on Plaintiff's account was misleading, inaccurate, and incomplete.

54. FCA further did not have a permissible purpose to generate over twenty separate inquiries regarding Plaintiff's credit.

55. Plaintiff alleges FCA all had reason to know that by not following well-established industry standards lenders will draw a more negative inference with respect to Plaintiff's credit worthiness.

56. FCA failed to notify the Credit Reporting Agencies that the information that FCA re-reported was inaccurate before the end of 30 business days, in violation of California Civil Code § 1785.25(a).

57. FCA's communication of false information and erroneous reporting was done knowingly, intentionally, and in reckless disregard for their duties and Plaintiff's rights.

58. As a direct and proximate result of FCA's willful and untrue communications, Plaintiff has suffered actual damages including but not limited to reviewing credit reports from all three consumer reporting agencies, time reviewing reports with counsel, attorney's fees, diminished credit score, severe emotional distress, frustration, and such further expenses in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant FCA)

59. Plaintiff realleges and incorporates herein the allegations in each and every paragraph above as though fully set forth herein.

60. Defendant FCA sent multiple account statements to Plaintiff that contained false, misleading, and materially inaccurate information regarding her account and the related outstanding balance.

61. FCA knew that Plaintiff was not late or behind on her payments with respect to the Lease as that Lease was paid off.

62. However, despite that knowledge, FCA continued to publish that Plaintiff was delinquent in an attempt to collect on an outstanding debt that was not actually owed.

63. Defendant violated Cal. Civ. Code §1788.17, in violation of 15 U.S.C. §§ 1692 by attempting to collect on a debt that was not owed by Plaintiff.

### FOURTH CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against Defendant FCA)

64. Plaintiff realleges and incorporates herein by reference the allegations in each and every paragraph above as though fully set forth herein.

65. FCA continued to attempt and collect on a debt that Plaintiff did not owe.

66. FCA caused false and misleading information to be published regarding a debt that Plaintiff did not owe and that FCA knew that Plaintiff did not know.

67. Defendant violated Cal. Civ. Code §1788.17 by continuing to collect on a debt that was not owed by Plaintiff.

**Cal. Civ. Code § 3294**

68. FCA also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to exemplary damages in an amount according to proof and a finder of fact at trial.

69. FCA had actual knowledge that it continued to violate both state and federal collection laws as it received multiple notices from Plaintiff regarding the fraudulent reporting of a debt that no longer belonged to her.

70. FCA's ongoing transmission of fraudulent data to the CRAs, with actual knowledge that Plaintiff did not owe FCA money, was done with actual malice and the intent to harm and harass Plaintiff into making payment on an account she did not owe and was no longer associated with whatsoever.

71. Given FCA's knowledge of the events surrounding the return of the Lease and the defective vehicle, its continued reporting of the account was an attempt to collect a debt in an illegal manner with a conscious disregard for Plaintiff's rights under both the

Rosenthal Fair Debt Collection Practices Act, the Fair Debt Collection Practices Act, and the California Consumer Credit Reporting Agencies Act.

72.    Given FCA's actual knowledge of the Lease, FCA's illegal communications and transmission of data were done to intentionally subject Plaintiff to the unjust hardship of having inaccurate, incorrect, and fraudulent account appear on her credit reports.

73.    In addition, FCA's conduct caused over twenty unauthorized inquires to appear on her credit report.

74.    FCA also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to punitive damages in an amount according to proof and a finder of fact at trial.

Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury for all issues of fact triable by jury.

Wherefore, Plaintiff prays for judgment as hereinafter set forth.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

1.    For preliminary and permanent injunctive relief to stop Defendants from engaging in the conduct described above;

2.    Award statutory and actual damages pursuant to 15 U.S.C. § 1681n and California Civil Code § 1785.31;

3.    Award punitive damages in order to deter further unlawful conduct pursuant to 15 U.S.C. § 1681n; and California Civil Code § 1785.31

4.    Award attorney's fees and costs of suit incurred herein pursuant to 15 U.S.C. § 1692 & o; California Civil Code §§ 1785.31, 1788;

5.    For determination by the Court that Defendants' policies and practices are unlawful and in willful violation of 15 U.S.C. § 1692, et seq.; California Civil Code § 1788 and

6. For determination by the Court that Defendants' policies and practices are unlawful and in negligent violation of 15 U.S.C. § 1692 and California Civil Code §1788.

Gale, Angelo, Johnson, & Patrick, P.C.

Dated: January 25, 2024

*/s/ Joe Angelo*
Joe Angelo
Attorney for Plaintiff